UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTOREY DANYELL HARPER, et al., pro se,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants. | Case No.: 3:17-cv-01965-GPC-NLS<br><br>**ORDER DECLARING PLAINTIFFS VEXATIOUS LITIGANTS AND REQUIRING PRE-FILING SCREENING** |

On October 30, 2017, this Court issued an Order directing Plaintiffs Montorey Danyell Harper and Montorey LLC ("Plaintiffs") to show cause as to why they were not vexatious litigants. Dkt. No. 3. In that Order, this Court sua sponte dismissed seventeen complaints filed by Plaintiffs and placed Plaintiffs on notice that the Court was considering imposing a pre-filing screening order on Plaintiffs. On November 21, 2017, the Court received a letter from Plaintiffs that can be best described as nonsensical and stated *inter alia* that "Wherefore, MLLC and Montorey Danyell Harper, will arrest the Court and the US and DefendnatS [sic] for requiring this brief, you are notified here that you are arrested and to look for those arrests. The defendnats FBI is arrested and may help with those arrests papers of yours . . . You are required to know and hear these presents: You are now under arrest." Dkt. No. 5. Given the fantastical and frivolous nature of Plaintiffs' response, the Court now finds that Plaintiffs have been provided with

1

proper notice of the Court's intention to declare them vexatious litigants and an opportunity to oppose a pre-filing screening order. Accordingly, the Court will enter a pre-filing screening order as to Plaintiffs Montorey Harper and Montorey LLC.

## I. VEXATIOUS LITIGANT DETERMINATION

On September 27, 2017, Plaintiffs Montorey Danyell Harper and Montorey LLC ("Plaintiffs"), proceeding pro se, filed twenty-three complaints against Defendants the United States, et al. Several of these complaints were dismissed by this Court, and by Judges Bashant and Houston pursuant to 28 U.S.C. § 1915(a).[1] Several more of these cases were transferred to this Court pursuant to this district's low number rule. *See* S.D. Cal. Civil Local Rule 40.1(e). Further, three additional cases were originally assigned to this Court as Case Nos. 17-cv-1967, 17-cv-1973, and 17-cv-1977.

The Court previously dismissed each of the below cases in its Dkt. No. 3 order.

| Case Number | Case Name | Description of Complaint[2] |
| --- | --- | --- |
| 3:17-cv-01965-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements that Defendants are engaged in technology crime and fraud involving a Samsung Galaxy S3. |
| 3:17-cv-01966-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements regarding a "spiritual intrusion" and the "use of drugs" by the San Diego police Department to attack the plaintiff. |
| 3:17-cv-01968-GPC-NLS | Harper et al v. US et al | Plaintiff appears to make miscellaneous statements regarding spiritual attacks upon him and apparent issues with women's organizations |

---

[1] *See* Case Nos. 17-cv-1974, 17-cv-1975, 17-cv-1979, 17-cv-1980, 17-cv-1982, 17-cv-1987.
[2] Each complaint is incoherent. The Court's attempt to discern the contents of the complaint is made solely for the purpose of identification of the basis for why the complaint fails to state a plausible claim.

| | | |
|---|---|---|
| 3:17-cv-01969-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements that he has been wronged by CNN and the State of Tennessee through an allegation of assault and other issues |
| 3:17-cv-01970-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements that he was run over by a man in a vehicle. |
| 3:17-cv-01971-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements that a female Sheriff officer attacked him. |
| 3:17-cv-01972-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements regarding abuse involving someone named "Bow Wow" |
| 3:17-cv-01976-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements about potential racketeering between the judicial system and the United States |
| 3:17-cv-01978-GPC-NLS | Harper et al v. US et al | Plaintiff appears to make miscellaneous statements regarding television host Megan Kelly |
| 3:17-cv-01981-GPC-NLS | Harper v. US, Washington DC et al | Plaintiff appears to make miscellaneous statements regarding Microsoft and Bill Gates |
| 3:17-cv-01983-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements that technology interference interrupted a lawsuit he drafted |
| 3:17-cv-01984-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements regarding politicians |
| 3:17-cv-01985-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements |

|  |  | regarding spiritual assaults from a former church |
|---|---|---|
| 3:17-cv-01986-GPC-NLS | Harper et al v. US et al | Plaintiff appears to make miscellaneous statements regarding McDonalds |
| 3:17-cv-01967-GPC-AGS | Harper v. US et al | Plaintiff appears to make miscellaneous statements regarding the United States and a man named Bobby |
| 3:17-cv-01973-GPC-WVG | Harper et al v. US et al | Plaintiff appears to make miscellaneous statements regarding a company named PeopleSmart |
| 3:17-cv-01977-GPC-BGS | Harper et al v. United States of America et al | Plaintiff appears to make miscellaneous statements regarding President Obama |

As a means of stemming abusive litigation, the Court may issue an order requiring a litigant to seek permission from the Court prior to filing any future suits. *Johns v. Town of Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (internal citations omitted). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey,* 912 F.2d 1144, 1148 (9th Cir. 1990).

A pre-filing review order is appropriate if (1) the plaintiff is given adequate notice and an opportunity to oppose the order; (2) the Court compiles an adequate record for review; (3) the Court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order is narrowly tailored "to closely fit the specific vice encountered." *De Long v. Hennessey,* 912 F.2d at 1145–48; *see also Johns v. Town of Los Gatos,* 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) (applying *De Long*).

## A. Notice and Opportunity to Oppose

The Court previously provided notice that it intended to deem Plaintiffs vexatious litigants in its Dkt. No. 3 order filed on October 30, 2017. The Court ordered Plaintiffs to file a brief to show cause as to why the Court should not declare the plaintiffs "vexatious litigants" by November 20, 2017. On November 21, 2017, the Court received a letter from Plaintiffs Montorey Harper and Montorey LLC asserting a fantastical and nonsensical response. For example, Plaintiffs stated that "Wherefore, MLLC and Montorey Danyell Harper, will arrest the Court and the US and DefendnatS [sic] for requiring this brief, you are notified here that you are arrested and to look for those arrests. The defendnats FBI is arrested and may help with those arrests papers of yours . . . You are required to know and hear these presents: You are now under arrest." Dkt. No. 5.[3] Given this response, the Court finds that it has adequately provided Plaintiffs with notice and an opportunity to oppose the entry of a pre-filing order as required by Ninth Circuit case law. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (requiring district court to provide plaintiff with an opportunity to oppose the entry of order deeming plaintiff a vexatious litigant).

## B. Adequate Record

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id.* (quoting *De Long*, 912 F.2d at 1147). *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1055 (N.D. Cal. 2012), aff'd, 520 F. App'x 534 (9th Cir. 2013). An adequate record exists to support a vexatious litigant finding because Plaintiff Montorey Danyell Harper and in many of the cases Montorey LLC[4] have filed—not including the seventeen complaints at

---

[3] The Court observes that the fanciful and outlandish nature of Plaintiffs' response letter confirms the need for a pre-filing screening order.

[4] The following cases appear to have been filed on solely on behalf of Plaintiff Montorey Danyell Harper and not Montorey LLC: 17-cv-1586, 17-cv-1587, 16-cv-1122, 16-cv-1123, 16-cv-1199, 16-cv-1200, 16-cv-1201, 16-cv-1202, 17-cv-1821

issue in Section I above—at least thirty-three other frivolous filings in the Southern District of California.[5] These cases and the dispositions in those cases are listed in the chart below:

| Case Number | Name of Case | Date Filed | Date Closed | Disposition |
|---|---|---|---|---|
| 3:17-cv-01049-MMA-JMA | Harper v. Office of Child Support Enforcement et al | 5/24/17 | 5/26/2017 | Dismissal for Failure to Pay Filing Fee |
| 3:17-cv-01585-WQH-MDD | Harper et al v. US et al | 8/8/2017 | 8/30/2017 | IFP Dismissal |
| 3:17-cv-01633-DMS-MDD | Harper v. City of San Diego et al | 8/14/2017 | 8/28/2017 | IFP Dismissal |
| 3:17-cv-01053-WQH-BGS | Harper et al v. Extended Stay America et al | 5/24/2017 | 8/28/2017 | IFP Dismissal |
| 3:17-cv-01068-BAS-WVG | Harper et al v. Telemarketing Concepts et al | 5/24/2017 | 5/25/2017 | IFP Denied; Leave to Pay Filing Fee |
| 3:17-cv-01069-CAB-AGS | Harper et al v. Choice Hotels et al | 5/23/2017 | 8/14/2017 | Dismissal for Failure to Pay Filing Fee |
| 3:17-cv-01070-GPC-MDD | Harper v. Montorey LLC et al | 5/23/2017 | 6/12/2017 | IFP Dismissal |
| 3:17-cv-01636-MMA-MDD | Montorey LLC et al v. United States et al | 8/14/2017 | 9/28/2017 | IFP Denied; Leave to Pay Filing Fee |
| 3:17-cv-01817-WQH-JMA | Harper et al v. US et al | 9/7/2017 |  | IFP Denied; Leave to Pay Filing Fee |

---

[5] Plaintiff Montorey Harper appears to have filed thirty cases in the Eastern District of North Carolina which were similarly dismissed as frivolous. *See Harper v. United States Department of Justice*, 2017 WL 1319789 (E.D.N.C. Apr. 10, 2017). A Court in the Northern District of Florida in June 2017 found that Montorey Harper was a "prolific litigant who has filed at least 61 complaints across the country since 2015, the vast majority of which appear to have been dismissed as frivolous." *Harper v. United States*, 2017 WL 2952291, at *2 (N.D. Fla. June 8, 2017) (recommending dismissal for improper venue and stating that Harper's conduct which "show[ed] little in the way of legal preparation and consideration" suggested a pre-filing injunction could be warranted).

| Case Number | Case Name | Filed | Closed | Disposition |
|---|---|---|---|---|
| 3:17-cv-01586-WQH-KSC | Harper v. US et al | 8/8/2017 | 8/15/2017 | IFP Dismissal |
| 3:17-cv-01587-GPC-MDD | Harper v. US et al | 8/8/2017 | 8/10/2017 | IFP Dismissal |
| 3:16-cv-00763-AJB-BLM | Harper et al v. San Diego City Administration Building | 3/31/2016 | 6/10/2016 | IFP Dismissal |
| 3:16-cv-00765-BTM-JLB | Harper et al v. San Diego City Administration Building et al | 3/31/2016 | 4/6/2016 | IFP Dismissal |
| 3:16-cv-00766-AJB-BLM | Harper et al v. San Diego City Administration Building et al | 3/31/2016 | 6/10/2016 | IFP Dismissal |
| 3:16-cv-00768-AJB-BLM | Harper et al v. San Diego City Administration Building et al | 3/31/2016 | 6/10/2016 | IFP Dismissal |
| 3:16-cv-00769-AJB-BLM | Harper et al v. San Diego City Administration Building et al | 3/31/2016 | 6/10/2016 | IFP Dismissal |
| 3:16-cv-00834-LAB-WVG | Harper et al v. San Diego, City of et al | 4/7/2016 | 4/12/2016 | IFP Dismissal |
| 3:16-cv-00992-GPC-BGS | Harper et al v. San Diego, City of et al | 4/25/2016 | 6/7/2016 | IFP Dismissal |
| 3:16-cv-01122-JAH-KSC | Harper v. US DOJ | 5/11/2016 | 5/19/2016 | IFP Dismissal |
| 3:16-cv-01123-LAB-NLS | Harper v. US DOJ | 5/11/2016 | 5/16/2016 | IFP Dismissal |
| 3:16-cv-01124-AJB-JLB | Harper v. US DOJ | 05/11/16 | 6/10/2016 | IFP Dismissal |
| 3:16-cv-01199-WQH-BLM | Harper v. US DOJ et al | 5/19/2016 | 5/27/2016 | IFP Dismissal |
| 3:16-cv-01200-MMA-NLS | Harper v. US DOJ et al | 5/19/2016 | 5/20/2016 | IFP Dismissal |
| 3:16-cv-01201-AJB-BLM | Harper v. US DOJ | 5/19/2016 | 6/24/2016 | IFP Dismissal |
| 3:16-cv-01202-AJB-BLM | Harper v. US DOJ | 5/19/2016 | 6/10/2016 | IFP Dismissal |

| | | | | |
|---|---|---|---|---|
| 3:17-cv-01634-BTM-BLM | Harper et al v. US DOJ | 8/14/2017 | | Plaintiff failed to file First Amended Complaint by Court assigned deadline |
| 3:17-cv-01821-AJB-BLM | Harper v. Psychologist San Diego Police et al | 9/8/2017 | 9/12/2017 | IFP Dismissal |
| 3:17-cv-01974-BAS-MDD | Harper v. US et al | 9/27/2017 | 10/3/2017 | IFP Dismissal |
| 3:17-cv-01975-BAS-WVG | Harper et al v. United States et al | 9/27/2017 | 10/3/2017 | IFP Dismissal |
| 3:17-cv-01979-JAH-BGS | Harper et al v. US et al | 9/27/2017 | 10/4/2017 | IFP Dismissal |
| 3:17-cv-01980-BAS-BGS | Harper v. US et al | 9/27/2017 | 10/3/2017 | IFP Dismissal |
| 3:17-cv-01982-GPC-BLM | Harper v. US et al | 9/27/2017 | 9/28/2017 | IFP Dismissal |
| 3:17-cv-01987-BAS-NLS | Harper v. US et al | 9/27/2017 | 10/3/2017 | IFP Dismissal |

Accordingly, an adequate record exists to support a vexatious litigant finding. *See Calhoun v. San Diego Cty.*, No. 12CV2596 AJB JMA, 2012 WL 5878666, at *3 (S.D. Cal. Nov. 21, 2012) (twenty-six frivolous cases constituted adequate record).

**C. Substantive Findings as to the Frivolous Nature of Plaintiffs' Actions**

Under the third prong, the Court must "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059 (citations and quotation marks omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* (citations and quotation marks omitted). The Court finds that there is more than a sufficient basis to conclude that Plaintiffs' filings have been both numerous and patently without merit.

Plaintiff Montorey Harper[6] has filed fifty complaints in this district since 2016. Almost all of these complaints have been dismissed under the Court's power to sua

---

[6] In many of the cases, he was joined by Plaintiff Montorey LLC.

8

sponte review and dismiss frivolous claims or claims that failed to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). In a few cases, the district court denied in forma pauperis status and proceeded to close the case after Plaintiffs failed to pay the filing fee.[7] No case filed by Plaintiffs appears to have ever proceeded beyond the complaint.

A sampling of the plaintiffs' various complaints show that they have been consistently patently frivolous or failed to state a claim on which relief may be granted. *See, e.g.*, Case No. 17-cv-1987, Dkt. No. 1 ("Spiritual assault are so bad that it is moving the hotel ect, lawsuit will be filed, you did this in 2015 and 2016."); Case No. 17-cv-1982, Dkt. No. 1 ("This is the US and San Diego saying something about Leader Loyal a Captain on board a Leader Vessel MLLC technology a Leader Vessel now the star trek crew will be sued."). The frivolous nature of these claims is also seen in the cases that the Court sua sponte dismissed on October 30, 2017. *See, e.g.*, Case No. 17-cv-1981, Dkt. No. 1 ("'Got a hold'" says that it was in that manner as well and Microsoft was assaulted whether or not Bill Gates was complicit."); Case No. 17-cv-1966, Dkt. No. 1 ("The Plaintiff has complained since 2014 about spiritual intrusions and the use of drugs to do this."). Accordingly, the Court finds that the frivolous nature of these complaints supports a vexatious litigant finding. *See Hurt v. All Sweepstakes Contests,* No. C-12-4187 EMC, 2013 WL 144047, at *1, 6 (N.D. Cal. Jan. 11, 2013) (finding plaintiff was a vexatious litigant where plaintiff had filed a significant number of frivolous lawsuits that were "often vague, confusing, or unintelligible").

### D. Narrowly Tailored Order

The Court is mindful that "narrowly tailored" pre-filing review orders are needed to "prevent infringement on the litigator's right of access to the courts." *De Long*, 912 F.2d

---

[7] Two cases remain open. In Case No. 17-cv-1817, Plaintiff has been directed to pay the filing fee or submit a more complete motion to proceed in forma pauperis. In Case No. 17-cv-1634, the Court granted Plaintiff leave to file a First Amended Complaint, but failed to do so within the thirty-day period court ordered deadline.

at 1148. However, a general history of litigious filing may support a broad pre-filing injunction. *See Hurt*, 2013 WL 144047, at *7 ("the court has approved broad pre-filing orders against vexatious litigants who have a history of filing a wide variety of frivolous actions"). The Ninth Circuit has approved broad pre-filing orders post *DeLong*. *See Aref v. Marder*, 15 F.3d 1082 (9th Cir. 1994) (memorandum) (upholding broad pre-filing review order preventing vexatious litigant from filing in the Central District of California without obtaining leave of court"). *See also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (pre-filing reviews are an extraordinary sanction but are warranted where vexatious litigants' filings have been "equally as extraordinary"). In *Hurt*, the Court found that "the wide range of frivolous actions Plaintiff has filed in this district makes it difficult to tailor a pre-filing order to a specific group of defendants or type of legal claim. Plaintiff's history of vexatious litigation has been broad, and thus a responsive pre-filing order must be similarly broad." *Id.* at *8.

Here, the type of frivolous actions has been similarly broad and makes a tailored pre-filing order difficult. Plaintiffs' frivolous claims are not confined to a single set of defendants, nor a single topic area. Accordingly, the Court finds that a broad pre-filing review order, as described below, would be most appropriate for all future lawsuits initiated by Plaintiffs Montorey Danyell Harper or Montorey LLC in this district. *See Hurt*, 2013 WL 144047, at *8 ("Given the variety of meritless suits Plaintiff has brought, this Court finds it appropriate to subject all future lawsuits initiated by Plaintiff in this district to pre-filing review.").

//
//
//
//
//
//
//

10

3:17-cv-01965-GPC-NLS

at 1148. However, a general history of litigious filing may support a broad pre-filing injunction. *See Hurt*, 2013 WL 144047, at *7 ("the court has approved broad pre-filing orders against vexatious litigants who have a history of filing a wide variety of frivolous actions"). The Ninth Circuit has approved broad pre-filing orders post *DeLong*. *See Aref v. Marder*, 15 F.3d 1082 (9th Cir. 1994) (memorandum) (upholding broad pre-filing review order preventing vexatious litigant from filing in the Central District of California without obtaining leave of court"). *See also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (pre-filing reviews are an extraordinary sanction but are warranted where vexatious litigants' filings have been "equally as extraordinary"). In *Hurt*, the Court found that "the wide range of frivolous actions Plaintiff has filed in this district makes it difficult to tailor a pre-filing order to a specific group of defendants or type of legal claim. Plaintiff's history of vexatious litigation has been broad, and thus a responsive pre-filing order must be similarly broad." *Id.* at *8.

Here, the type of frivolous actions has been similarly broad and makes a tailored pre-filing order difficult. Plaintiffs' frivolous claims are not confined to a single set of defendants, nor a single topic area. Accordingly, the Court finds that a broad pre-filing review order, as described below, would be most appropriate for all future lawsuits initiated by Plaintiffs Montorey Danyell Harper or Montorey LLC in this district. *See Hurt*, 2013 WL 144047, at *8 ("Given the variety of meritless suits Plaintiff has brought, this Court finds it appropriate to subject all future lawsuits initiated by Plaintiff in this district to pre-filing review.").

//
//
//
//
//
//
//

# CONCLUSION

For the foregoing reasons, the Court will:

1. **DECLARE** that Plaintiffs are "vexatious litigants" and require that pre-filing screening apply as to Plaintiffs Montorey Harper and Montorey LLC.

2. **ORDER** that the Clerk of this Court may not file or accept any further complaints filed by or on behalf of Plaintiffs Montorey Harper or Montorey LLC. If Plaintiffs wish to file a complaint, they shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of this Court. The Clerk shall then forward the complaint, letter, and copy of this Order to a reviewing Judge for a determination of whether the complaint should be accepted for filing. Any violation of this Order will expose Plaintiffs to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal. If the Court does not grant permission to file the document, in writing, within 30 days of the date of the letter, permission will be deemed denied.

**IT IS SO ORDERED.**

Dated: November 28, 2017

Hon. Gonzalo P. Curiel
United States District Judge